IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELMONT REC LLC doing business as 400 BELMONT APTS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGELA BROWN and All Other Occupants,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-00295-TWT-JFK |

## FINAL REPORT AND RECOMMENDATION

The above-styled case has been removed from the Magistrate Court of Cobb County [Doc. 1-1] and is before the undersigned on Defendant Angela Brown's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

**I.     Background Facts**

Plaintiff Belmont Rec LLC, the agent for the owner of the real property commonly known as 400 Belmont Place Apt 1202, Smyrna, Georgia 30080, filed a proceeding against tenant holding over in the Magistrate Court of Cobb County, Georgia, on January 11, 2017, against Defendant Angela Brown and all other occupants for failure to pay rent now past due. [Doc. 1-1 at 10 ("Dispossessory Proceeding")].[1] On January 25, 2017, Defendant Brown filed a notice of removal from the Magistrate Court of Cobb County, Georgia. [Doc. 1-1 ("Notice of Removal")].

**II.    Discussion**

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" SBS 276, LLC v. Walker, 2013 WL

---

[1] The court's page citation is to the CM/ECF pagination.

2

3784988, at *2 (N.D. Ga. July 17, 2013) (quoting <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997)); <u>and see</u> <u>Dabney v. Shapiro & Fishman, LLP</u>, 2012 WL 10816231, at *2 (N.D. Fla. February 9, 2012) ("Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). <u>See also</u> <u>Arbaugh v. Y & H Corp.</u>, 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Brown alleges as a basis for removal the court's federal question subject matter jurisdiction. [Notice of Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff

3

the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. See Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

Defendant contends that Plaintiff's proceeding constitutes violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), and of the Fourteenth Amendment to the United States Constitution. [Notice of Removal]. In the present case, Plaintiff, the master of the claim, relied exclusively on state law in the dispossessory proceeding against Plaintiff as a tenant holding over. [Dispossessory Proceeding]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Ikomoni v. Executive Asset Mgmt., LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted; emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100,

4

775 S.E.2d 587, 592 (2015) (same). No federal question is presented on the face of Plaintiff's well-pleaded complaint.[2] [Dispossessory Proceeding].

Defendant Brown does not appear to base removal on federal diversity jurisdiction. [Notice of Removal]. The court will nonetheless address whether diversity jurisdiction exists. Section 1332(a) of Title 28 provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between - (1) the citizens of different States . . . ." 28 U.S.C. § 1331(a). Jurisdiction under this provision requires complete diversity of citizenship between the plaintiff and all defendants. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."). Here, there is no evidence of diversity of citizenship, and Defendant asserts that all parties are citizens of the State of Georgia. [Doc. 1-2 ("Civil Cover Sheet")]. As to damages, Plaintiff's dispossessory proceeding seeks the ejectment of Defendant and all other occupants from the property due to

---

[2]Defendant Brown is well-aware that her attempt to remove this dispossessory action will not be successful. She previously filed a notice of removal in a dispossessory action against a prior landlord and that action was promptly remanded to the magistrate court. See WRI Capital Group, LLC v. Brown, 1:13-CV-04065-CAP.

failure to pay past due rent of $1,300.00 and rent accruing to the date of judgment or vacancy at a rate of $43.33 per day and other fees and costs of less than $1,000.00. [Dispossessory Proceeding].  Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) ("the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original).  The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

AO 72A
(Rev.8/82)

Defendant also seeks a preliminary and permanent injunction and a temporary restraining order to stay the dispossessory proceedings. However, "this Court cannot enjoin a state court action for eviction." CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014). "The Anti-Injunction Act[, 28 U.S.C. § 2283,] is 'an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" Id. (citation omitted); and see Aning v. Fed. Nat'l Mortg. Ass'n, 2014 WL 12115976, at *7 (N.D. Ga. September 25, 2014) ("Courts have consistently held that the [Anti-Injunction] Act[, 28 U.S.C. § 2283,] precludes a district court from enjoining a state-ordered eviction."). "'The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments.'" Stephens, 2014 WL 1572472, at *2 (citation omitted). Those exceptions are not applicable in this case. Defendant "seeks to enjoin Plaintiff from proceeding with an eviction action already filed in state court, and the state court itself[,]" however, the "Anti-Injunction Act . . . absolutely prohibits this Court from granting such relief." Id.; and see American Homes 4 Rent Properties Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's

7

motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding").

### III.  Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Cobb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 26th day of January, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)